906 A.2d 335

ATTORNEY GRIEVANCE COMMISSION

v.

David D. SUTTON.

Attorney Grievance Commission

v.

David D. Sutton.

Nos. Misc. AG 23, 24 Sept. Term, 2005.

Court of Appeals of Maryland.

Aug. 29, 2006.

312

Marianne J. Lee, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, John C. Broderick, Asst. Bar Counel), for petitioner.

Edward Smith, Jr., Baltimore, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, and GREENE, JJ.

WILNER, J.

In July 2005, petitioner, Attorney Grievance Commission (AGC), through Bar Counsel, filed two petitions against David D. Sutton, respondent, alleging numerous violations of the Maryland Lawyers' Rules of Professional Conduct (MLRPC).[1] Pursuant to Md. Rule 16–752, we referred both petitions to Judge Lynn K. Stewart of the Circuit Court for Baltimore City to conduct a hearing and make findings and proposed conclusions of law. For the reasons stated below, we sustain the findings of misconduct, sustain some, but not all, of Bar Counsel's exceptions, and accept the recommendation of Bar Counsel that respondent be disbarred.

## BACKGROUND

Respondent is a solo practitioner who was admitted to the Maryland Bar on June 21, 2000. It appears that within two years after being admitted, respondent began having difficulty which resulted in complaints from eight different clients between November, 2002 and December, 2004. Six out of the eight complaints are set forth in Bar Counsel's first petition, Misc. Docket AG No. 23, wherein Bar Counsel charged respondent with violating MLRPC 1.1 (competence), 1.3 (diligence), 1.4 (communication), 1.5 (fees), 1.15 (safekeeping), 1.16 (declining or terminating representation), 8.1 (cooperation with Bar Counsel), and 8.4 (misconduct). Bar Counsel's second petition, Misc. Docket AG No. 24, charged respondent with violating MLRPC 1.1, 1.3, 1.4, 1.5, 8.1, and 8.4 stemming from his representation of one client in a bankruptcy proceeding and another client in a tax sale matter.

---

1. The MLRPC was revised in 2005. These matters arose under and are governed by the former Rules which, as applicable here, are not substantially different than the current Rules.

### *Misc. Docket AG No. 23*

#### *A. Complaint of Julius William Pitts, Sr.*

 As his mother's caretaker, Julius Pitts applied, on behalf of his mother, for medical assistance from the Maryland Department of Human Resources on or about June 9, 2003. A caseworker informed Mr. Pitts that his mother's assets exceeded the acceptable limit of $2,500 by approximately $1,700 and instructed Mr. Pitts to transfer ownership of his mother's life insurance policy to the William C. Brown Funeral Home. A few weeks later, Mr. Pitts transferred ownership of the policy to the funeral home and reapplied for medical assistance in August, 2003. Upon reapplying, Mr. Pitts was informed that, due to a change in regulations, his transfer of ownership to the funeral home was not acceptable and that he should have transferred the ownership of the policy to himself as the representative of his mother. This change resulted in a denial of his second application because his mother's assets were still greater than the acceptable limit. Mr. Pitts then filed an appeal, but before his appeal was heard, his mother passed away.

Mr. Pitts was referred to respondent and met with him in October, 2003. At this initial meeting, respondent collected $1,000 of a total agreed-upon fee of $1,500. A hearing on Mr. Pitt's appeal was scheduled before an Administrative Law Judge for October 14, 2003. Respondent appeared on that day and requested a postponement, which was granted. The hearing was rescheduled for October 28. Respondent not only failed to advise his client of the postponement but failed to appear himself on the 28th, and, as a result, the appeal was dismissed and the case closed. Respondent failed to advise his client of the dismissal. Mr. Pitts made several attempts to contact respondent to determine the status of the matter, all to no avail. Finally, in April, 2004, he filed a complaint with Bar Counsel. Bar Counsel requested a response to Mr. Pitt's complaint, but received none.

The hearing judge concluded that, with respect to his representation of Mr. Pitts, respondent had violated MLRPC 1.1 by

failing to competently represent his client because he was not thoroughly prepared for representing Mr. Pitts at an initial hearing or at a subsequent re-scheduled hearing, MLRPC 1.4 by failing to communicate with his client sufficiently and by failing to keep Mr. Pitts informed of the status of his case, and MLRPC 8.1 by failing to respond to Bar Counsel's numerous requests for information, and by failing to provide Bar Counsel with information regarding retention of the fee paid by Mr. Pitts.

Respondent did not file exceptions to any of the hearing judge's findings of facts and conclusions of law. Bar Counsel excepted to her failure to find a violation of MLRPC 1.3, 1.5(a), 1.16(d), and 8.4(d). We will sustain Bar Counsel's exceptions with respect to MLRPC 1.3 and 8.4(d). We agree with Bar Counsel that the facts fully support a conclusion that respondent failed to represent Mr. Pitts in a diligent and prompt manner (1.3), and engaged in conduct that is "prejudicial to the administration of justice." (8.4(d)). We shall overrule Bar Counsel's exceptions as to MLRPC 1.5(a) and 1.16(a).

### B. Complaint of Brenda A. Myers

On December 20, 2002, Ms. Myers filed an application for disability retirement with her employer, the Social Security Administration (SSA), seeking retirement benefits under the civil service retirement system. Ms. Myers, who had been employed by SSA for 35 years, suffered from lower back pain and headaches. On June 18, 2003, she received a letter informing her that, due to insufficiency of evidence, she did not qualify for disability retirement benefits. On July 10, 2003, Ms. Myers requested reconsideration of the initial determination and met with respondent for the first time. At their initial meeting, Ms. Myers provided respondent with x-rays, doctors' reports, correspondence regarding her claim and a signed release authorizing respondent to obtain medical information from her health care providers. Respondent did not charge Ms. Myers a flat fee or provide her with an up-front rate at this initial meeting.

Within a few days after being retained, respondent mailed a letter to the SSA asking that Ms. Myers's application be reconsidered. On September 17, 2003, the Office of Personnel Management (OPM) disallowed the request for reconsideration because there was insufficient documentation to support it. Ms. Myers had until October 27, 2003—thirty days—to appeal OPM's decision to the Merit Systems Protection Board (Board). Respondent filed an incomplete and unsigned appeal with the Board on October 31, 2003, which resulted in the Board denying and dismissing the appeal because it was filed untimely. While respondent unsuccessfully attempted to obtain Ms. Myers's medical records from her health care professionals, he failed to inform her that the pursuit of her claim hinged on providing the requested medical documentation. After several unsuccessful attempts to reach respondent, and after respondent advised Ms. Myers that her application could be re-submitted, Ms. Myers re-filed an application on her own in November, 2004.

On March 9, 2004, Ms. Myers filed a complaint against respondent with the AGC. Following two separate requests for information from Bar Counsel, respondent provided Bar Counsel with Ms. Myers's entire file. During a conversation with Assistant Bar Counsel, respondent stated that he "had never received a complaint before" and was unclear as to the information that was being requested of him. At that time, however, there was a pending complaint against respondent that was filed by Mr. Pitts. Respondent further stated that he was unable to obtain the name of Ms. Myers's doctors from her, but a review of his client file revealed that the names of the physicians were indeed provided to respondent.

The hearing judge concluded that respondent violated MLRPC 1.4 by failing to comply with Ms. Myers's numerous requests for information and by failing to keep her informed of the progress of her case, MLRPC 8.1(a) by knowingly making a false statement to Assistant Bar Counsel that he had never had a complaint lodged against him when one complaint had been previously dismissed and two were pending, and MLRPC 1.3 by not providing sufficient information to the

OAH for reconsideration of his client's claim and for filing an untimely, incomplete and unsigned appeal on his client's behalf.

Bar Counsel filed exceptions to the hearing judge's failure to find a violation of MLRPC 1.1. We sustain Bar Counsel's exception and conclude that respondent failed to provide Ms. Myers with competent and thorough representation in representing her in her disability retirement benefit claim.

## C. Complaint of Icelia Manns

In early December, 2003, Ms. Manns was facing a mortgage foreclosure on her home by Chase Manhattan Mortgage Company, due to an arrearage on her mortgage of over $7,000. On December 30, 2003, she engaged respondent to file a petition for bankruptcy on her behalf. Respondent entered into a fee agreement with Ms. Manns, under which Ms. Manns agreed to pay respondent a total fee of $1,000—$700 to be paid up front and the balance to be paid over time. Respondent advised Ms. Manns that the foreclosure would be delayed by the filing of a bankruptcy petition.

Respondent filed a Chapter 13 petition on behalf of Ms. Manns in the United States Bankruptcy Court on January 27, 2004. Respondent failed to attend both an initial hearing and a rescheduled hearing with the Bankruptcy Trustee, however, and failed as well to file a bankruptcy plan. Consequently, the foreclosure proceeded and Ms. Manns lost her home. Afterwards, respondent filed a Motion for Reconsideration and Request for Hearing, which were denied, and then attempted to negotiate with the mortgagee to extend the fixed terms of the mortgage. No agreement was ever reached with the mortgagee.

Ms. Manns attempted numerous times to reach respondent, but respondent failed to answer her telephone calls or attend pre-scheduled meetings. Respondent also did not return any portion of the $700 that Ms. Manns paid him initially and failed to account for the time spent on her case. In July, 2004, Ms. Manns filed a complaint against respondent with the AGC.

After sending respondent four requests for information, an investigator went to respondent's office and interviewed him. During the interview, respondent was cooperative with the investigator and provided him with the requested documents regarding Ms. Manns's claim. When the investigator followed up with further inquiries, however, respondent failed to respond.

The hearing judge concluded that respondent violated MLRPC 1.1 by failing to appear at an initial and rescheduled hearing before the Bankruptcy Trustee and by failing to present a Chapter 13 bankruptcy plan on behalf of Ms. Manns, MLRPC 1.4 by failing to return Ms. Manns's telephone calls, failing to attend pre-scheduled meetings with her, and failing to "communicate with Ms. Manns to inform her of her options or that a Chapter 13 plan was not possible given her inability to make payments," and MLRPC 8.1(b) by failing to provide Bar Counsel with an accounting of the fee that respondent collected from Ms. Manns and by failing to respond to four requests posted to him by Bar Counsel.

Bar Counsel filed exceptions to the hearing judge's failure to find violations of MLRPC 1.3, 8.4(d), 1.5(a), 1.15(b), and 1.16(d). We sustain Bar Counsel's exceptions as to Rules 1.3 and 8.4(d) in that respondent failed to diligently represent Ms. Manns in the bankruptcy proceeding and engaged in misconduct that was prejudicial to the administration of justice by failing to appear for a hearing before the Bankruptcy Trustee. We overrule Bar Counsel's other exceptions.

### D. Complaint of Queen Payton

█ Ms. Payton's complaint was similar to that of Ms. Manns. Ms. Payton had filed a Chapter 13 proceeding in Bankruptcy Court, but a foreclosure proceeding against her home was scheduled for November 7, 2003. Respondent was retained by Ms. Payton to file a second Chapter 13 bankruptcy proceeding on her behalf in order to delay the scheduled foreclosure.

At their initial meeting, Ms. Payton entered into an agreement to pay respondent a total flat fee of $1,500—$800 for filing of a new bankruptcy proceeding, $200 for filing fees for the second Chapter 13 bankruptcy action, and $500 for respondent's efforts to obtain a discharge under a pending Chapter 13 bankruptcy proceeding. Ms. Payton paid an initial $700 to respondent and agreed to pay the remaining balance over time.

In November, 2003, Ms. Payton received a letter from the bankruptcy trustee informing her that she could not be discharged under the pending Chapter 13 proceeding because respondent had filed a late claim with respect to unpaid Baltimore City real property taxes. Ms. Payton consented to an increase in the base amount in the bankruptcy plan, which apparently resulted in her obtaining a discharge. Respondent failed to file a second bankrupt proceeding on behalf of Ms. Payton. Following numerous attempts to reach respondent over a period of a couple of months, Ms. Payton finally spoke with respondent and advised him that she was "unhappy with the services he provided" and requested a partial refund of the fees she had paid him. Respondent eventually refunded $200 to Ms. Payton which represented the amount collected to pay the court costs associated with the second bankruptcy petition. It was only after Ms. Payton retained a new counsel was Ms. Payton successful in keeping her home.

On June 18, 2004, Ms. Payton filed a complaint with Bar Counsel that respondent failed to provide services agreed upon in their fee agreement. Like the other cases herein, respondent failed to respond to Bar Counsel's inquiries until after a second request was sent to him. He then failed to respond to further inquiries from Bar Counsel seeking additional information.

In the Petition for Disciplinary Action, Bar Counsel alleged that respondent had violated MLRPC 1.3, 1.5, 1.16 and 8.1. The hearing judge concluded that respondent had violated only MLRPC 1.4—which was not alleged in Bar Counsel's petition, by failing to respond to approximately ten attempts

by Ms. Payton to reach him. Bar Counsel took exception to the hearing judge's conclusion since the charge was not included in the original petition. We sustain Bar Counsel's exception as to Rule 1.4 and hold that the hearing judge erred in finding a violation. Similarly, we sustain Bar Counsel's exceptions to the hearing judge's failure to find a violation of MLRPC 1.3 and 8.1. Respondent violated Rule 1.3 by failing to act diligently in representing Ms. Payton in her bankruptcy action and Rule 8.1 by failing to respond to Bar Counsel's inquiries. We will, however, overrule Bar Counsel's exceptions as to MLRPC 1.5 and 1.16.

### E. Complaint of Kennedy Huddleston

■ Mr. Huddleston retained respondent to handle a foreclosure matter. Mr. Huddleston's wife, Sonia, died intestate on May 29, 2002. The house that they both resided in was in his wife's sole name at the time of her death. Mr. Huddleston failed to open an estate for his wife and continued to make monthly payments to the mortgagor, Central Mortgage Company. Nine months after his wife's death, Mr. Huddleston informed the mortgage company of his wife's death but continued to make monthly payments. At some point, the mortgage company began to return Mr. Huddleston's checks and commenced foreclosure proceedings, which resulted in the property being sold on March 8, 2004.

With the sale of the house not ratified as of March 31, 2004, Mr. Huddleston met with and retained respondent to represent him in reclaiming the house. Mr. Huddleston provided respondent with the requisite paperwork to respond to the mortgagor's notice of foreclosure. After Huddleston paid respondent a total fee of $1,000, respondent filed an exception to the sale of the house. On May 3, 2004, the substitute trustee answered the exception and on June 17, 2004, the Court overruled the exception by an Amended Order. Mr. Huddleston tried to reach respondent on several occasions but was told that he was either busy or in court. Respondent also failed to refund any portion of the fee that was paid by Mr. Huddleston. On August 5, 2004, Mr. Huddleston filed a

complaint with the AGC. Bar Counsel tried four times to get respondent to respond to Mr. Huddleston's complaint, to no avail.

Bar Counsel charged respondent with violating MLRPC 1.1, 1.3, 1.5, 1.16, 8.1 and 8.4. The hearing judge concluded that respondent violated only three of those Rules: (1) MLRPC 1.1 by undertaking representation of Mr. Huddleston's claim although respondent recognized from the beginning that the "likelihood of success with Mr. Huddleston's claim was limited," and by filing an exception to the sale of the house, but failing to follow through with his representation, (2) MLRPC 1.4 by failing to return Mr. Huddleston's telephone calls and requests for information, and (3) MLRPC 8.1 by failing to respond to four requests for information from Bar Counsel regarding his handling of Mr. Huddleston's claim.

Bar Counsel filed exceptions to the hearing judge's failure to conclude that respondent violated MLRPC 1.3, 1.5, 1.16, and 8.4 and to her finding of a violation of Rule 1.4. We will sustain Bar Counsel's exceptions to MLRPC 1.3 because the facts support a finding that respondent failed to diligently represent Mr. Huddleston in his foreclosure action. Similarly, we will sustain his exception to MLRPC 8.4 because respondent's conduct was prejudicial to the administration of justice. We agree with Bar Counsel that it was error for the hearing judge to find a violation of MLRPC 1.4 since Bar Counsel failed to charge respondent with violating that Rule. We overrule Bar Counsel's exceptions to Rule 1.5 and 1.16.

### F. Complaint of James Owens

█ Mr. Owens's complaint stems from the purchase of property in Baltimore City at a tax sale for $3,346.88. In December, 2002, Mr. Owens met with and retained respondent to represent him in securing a deed to the property. Mr. Owens paid respondent a total of $2,000, which included an agreed upon fee of $1,100 plus additional expenses. It was Mr. Owens's understanding from respondent that the deed would be completed within six months to a year.

Shortly after their initial meeting, respondent filed in the Circuit Court for Baltimore City a Complaint and Affidavit to foreclose the right of redemption on the property. Between May, 2003 and March, 2004, respondent filed an original Affidavit of Compliance and three amended affidavits. In October, 2004, after Mr. Owens had not received the deed from respondent, and the owner of record, against whom respondent was supposed to foreclose the rights of redemption, received a delinquent tax notice, Mr. Owens went to the Baltimore City Circuit Court Clerk's office and discovered that an ejectment action had been filed by a third party.

After Mr. Owens attempted to contact respondent on several occasions, to no avail, he filed a complaint with the AGC. Upon a second request, respondent answered the complaint, in which he claimed that the delay was not his fault because he had filed the proper paperwork with the Circuit Court for Baltimore City. He contended that the delay was due to the Clerk's Office and the Chambers of Master Susan Marzetta. Upon investigation, Bar Counsel determined that respondent had failed to provide a forty year chain of title, including a list of creditors, proof of service and a certificate under affidavit.

Bar Counsel charged respondent with violating MLRPC 1.1, 1.3, 8.1(a) and 8.4(c) and (d). The hearing judge concluded that respondent violated only MLRPC 1.3, by failing to pursue a foreclosure of the owner's right of redemption in that an insufficient affidavit of compliance was filed. We will sustain Bar Counsel's exceptions to the hearing judge's failure to find respondent in violation of MLRPC 8.1(a), 8.4(c) and 8.4(d). Indeed, her conclusions of law support Bar Counsel's exceptions:

"On May 28, 2003, Respondent filed a Complaint and Affidavit to foreclose the right of redemption on the property located at 116 N. Glover St. This Complaint was forwarded to Master Susan Marzetta. Master Marzetta notified Respondent of the deficiencies in his Affidavit of Compliance. Respondent resubmitted an Affidavit of Compliance on August 10, 2003. Master Marzetta advised that this Affidavit was also deficient. On February 1, 2004, a third Affidavit of

Compliance was filed which was also deficient. On March 1, 2004, the fourth Affidavit of Compliance was submitted.... On November 29, 2004, Petitioner sent to Respondent a second request for response within seven days.... Respondent alleged that the delay in processing was caused by the Baltimore City Clerk's Office and the Chambers of Master Susan Marzetta. Respondent stated he had filed the necessary paperwork with the Court and he was awaiting the Court's Order. An investigation conducted by Sterling Fletcher, investigator for Petitioner, determined that Respondent failed to provide a certificate under affidavit, a forty year chain of title including a list of creditors, and the original green cards of service."

It is clear from the findings of fact that Master Marzetta informed respondent of the required information needed in order for the court to approve the submitted affidavits. Respondent represented that he had complied with the court's instructions, but upon further investigation, it seems clear that he failed to do so. Accordingly, we find that the hearing judge erred in not concluding that respondent had violated MLRPC 8.1(a), 8.4(c) and 8.4(d).

### Misc. Docket AG No. 24

Bar Counsel filed a second complaint against respondent two days after the first one was filed. This second complaint stems from respondent's representation of Andrea Catrice Dorsey in a bankruptcy proceeding and Joan Alice Brown in a tax sale matter. The hearing judge found by clear and convincing evidence the following facts and conclusions of law:

### A. Complaint of Andrea Catrice Dorsey

Respondent was retained by Ms. Dorsey on January 13, 2004, to represent her in a Chapter 13 bankruptcy in order to address and suspend a pending foreclosure of her home. More than two months later, respondent filed a Voluntary Petition for Chapter 13 Bankruptcy in the United States District Court for the District of Maryland on behalf of Ms. Dorsey, but failed to file a Chapter 13 Plan. In April, 2004, the

court dismissed the petition, with *prejudice*. A month later, respondent filed an Emergency Request for Hearing and Motion for Reconsideration of Order Dismissing Case, representing to the court that he had filed both a bankruptcy petition and a bankruptcy plan. Respondent claimed that he attached a Chapter 13 Plan to his emergency motion, however, neither the docket nor the case file reflect the filing of a Chapter 13 Plan. Two days later, respondent received notice from the Clerk's office that his motion failed to contain a certificate of service or a proposed order with his motion and that he had 10 days to cure those defects. He apparently attempted to cure the defect but failed to follow the requisite format required under the Federal Rules. The Bankruptcy Court allowed respondent ten additional calendar days to cure the defect. When he failed to cure the defects within the allotted time, the Bankruptcy Court issued an Order dismissing the case for failing to comply with required filing procedures. Shortly thereafter, within 180 days of the dismissal of Ms. Dorsey's original petition, respondent filed a second Voluntary Petition for Chapter 13 which was dismissed by the Court on the ground that Ms. Dorsey was not entitled to relief within 180 days of the dismissal of her petition.

A few months later, Ms. Dorsey filed a complaint with Bar Counsel. Within a few days, Bar Counsel mailed a request for information to respondent seeking a response within fifteen days. Respondent failed to respond. Two months later, Bar Counsel sent a second notice to respondent. On the same day, however, Bar Counsel received respondent's response to his first inquiry in which respondent stated that he could not "in good faith file a Chapter 13 because we would be explicitedly agreeing to repay the much higher and incorrect debt amount," and that he believed that "there was a disputed arrearage between the mortgage holder and the debtor." Bar Counsel then requested that respondent provide the original client file of Ms. Dorsey's matter within ten days. Respondent failed to respond. Thereafter, respondent was served with a copy of Statement of Charges from the Peer Review Committee. Respondent failed to cooperate with the Commit-

tee's investigation which resulted in the process being terminated pursuant to Md. Rule 16–743(b)(2).

Bar Counsel charged respondent with violating MLRPC 1.1, 1.3, 1.4, 1.5, 8.1 and 8.4. The hearing judge concluded that respondent violated (1) MLRPC 1.1 by failing to "represent [Ms. Dorsey] with the required and necessary thoroughness and preparation when he failed to file a Chapter 13 Plan on her behalf after having filed the petition in the bankruptcy court," (2) MLRPC 1.3 by failing to represent Ms. Dorsey in a diligent manner that resulted in reasonable and prompt representation, including a "lack of diligence and knowledge of the rudimentary rules governing the filing of a bankruptcy petition when he filed a second petition for Chapter 13 within 180 days of the first dismissal," (3) MLRPC 1.4(a) and (b) by failing to keep Ms. Dorsey informed of the status of her case, (4) MLRPC 1.5(a) by charging and collecting from Ms. Dorsey an excessive fee that did not comport to the services performed by respondent on Ms. Dorsey's behalf, (5) MLRPC 8.1(b) by refusing to provide petitioner with the entire client file upon request in order for petitioner to conclude the investigation, and (6) MLRPC 8.4(d) by engaging in conduct that was "prejudicial to the administration of justice."

### B. Complaint of Joan Alice Brown

■ Ms. Brown's complaint stems from respondent's representation of her in a tax sale of property matter. On June 4, 2002, Ms. Brown purchased tax sale certificates on two different properties located in Anne Arundel County, Maryland. A little less than a year from the date of purchase, Ms. Brown retained respondent to represent her in rights of redemption proceedings regarding the two properties. She paid respondent a $2,000 fee and entrusted the original tax certificates to him. Notice was clearly given on the face of each tax certificate that the certificate would be void unless a proceeding to foreclose the owner's right of redemption was initiated no later than two years after the date Ms. Brown purchased them; that is, no later than June 4, 2004.

It appears that respondent failed to file a complaint to foreclose the right of redemption on one of the properties, which resulted in the tax certificate becoming void. Verification of respondent's lack of filing a complaint was evidenced by a August 6, 2004 letter from the Office of Finance for Anne Arundel County, noting that one of the tax certificates was void since no foreclosure proceeding had ever been filed. Furthermore, respondent failed to obtain a deed and to file a certificate of compliance with respect to the second property.

Ms. Brown filed a formal complaint with petitioner on January 11, 2005. Bar Counsel unsuccessfully requested a response to Ms. Brown's allegations from respondent two times prior to filing a Statement of Charges with the Chairman of the Peer Review Committee pursuant to Md. Rule 16–741. Respondent failed to participate in the Peer Review process which prompted Bar Counsel to terminate that process pursuant to Md. Rule 16–743(b)(2) and file a Petition for Disciplinary Action with this Court.

The hearing judge concluded that respondent violated (1) MLRPC 1.1 by failing to be thoroughly prepared in his representation of Ms. Brown, (2) MLRPC 1.3 by his lack of diligence in "failing to file any proceeding to foreclose the rights of redemption upon the tax certificates entrusted to him by his client," (3) MLRPC 1.4 by failing to communicate to Ms. Brown the status of her case and failing to provide Ms. Brown with the requisite information to make an informed decision as to whether to continue his representation of the matter, (4) MLRPC 1.5(a) by charging an excessive fee of $2,000 even though he failed to render services, (5) MLRPC 1.16(d) by effectively abandoning Ms. Brown and failing to return the unearned fee upon termination of his representation, and (6) MLRPC 8.1(b) by failing to respond to Bar Counsel's inquiries.

Neither respondent nor Bar Counsel filed exceptions to the hearing judge's findings of fact and conclusions of law. Instead, Bar Counsel reiterated that respondent was already a subject of a pending complaint before this Court and that he is

a subject of a preliminary injunction issued by the Circuit Court for Baltimore City enjoining him from practicing law. Bar Counsel recommends that the proper sanction arising from Ms. Dorsey and Ms. Brown's complaints should be disbarment. Since we do not find any error with the hearing judge's findings of facts and conclusions of law, we agree with Bar Counsel that the appropriate sanction in this case is disbarment.

 As this Court has stated many times, "[i]t is well-settled that the purpose of disciplinary proceedings is to protect the public rather than to punish the erring attorney." *Attorney Grievance v. Wallace,* 368 Md. 277, 289, 793 A.2d 535, 542 (2002); *Attorney Griev. v. Franz & Lipowitz,* 355 Md. 752, 760–61, 736 A.2d 339, 343–44 (1999); *Attorney Griev. Com'n v. Myers,* 333 Md. 440, 446–47, 635 A.2d 1315, 1318 (1994); *Attorney Griev. Com'n v. Goldsborough,* 330 Md. 342, 364, 624 A.2d 503, 513 (1993); *Attorney Griev. Com'n v. Protokowicz,* 329 Md. 252, 262–63, 619 A.2d 100, 105 (1993). Determining the appropriate sanction is in a particular case is dependent upon the particular misconduct and facts and circumstances in the case. *Attorney Grievance v. Wallace, supra,* 368 Md. at 289, 793 A.2d at 543. *See also Attorney Griev. Com'n v. Babbitt,* 300 Md. 637, 642, 479 A.2d 1372, 1375 (1984) ("[t]he severity of the sanction to be imposed for misconduct generally depends upon the facts and circumstances of the case."); *Attorney Griev. Com'n v. Montgomery,* 296 Md. 113, 120, 460 A.2d 597, 600 (1983) ("[t]he severity of the sanction to be imposed is dependent on the facts and circumstances of each case.").

In all eight cases, respondent accepted fees and then failed to represent his clients diligently or competently. It is worth repeating here what we stated in *Attorney Grievance v. Wallace, supra,* 368 Md. at 291, 793 A.2d at 544:

"In determining the proper course to follow when confronted with an attorney who has neglected the needs of his clients and failed to communicate with them, we have 'consistently regarded neglect and inattentiveness to a client's

interests to be a violation of the Canons of Ethics warranting the imposition of some disciplinary sanction'.... It is clear then that willful and flagrant neglect of a client's affairs is, in and of itself, the kind of misconduct by an attorney which can lead to disbarment.... [W]e have noticed too many instances when lawyers have agreed to represent clients and accepted fees, in part or in whole, only to completely neglect these same legal problems, causing the same clients emotional distress, financial loss, or other varying kinds of inconvenience." [Internal citations omitted].

Respondent's misconduct is parallel to the misconduct found in *Attorney Grievance v. Wallace, supra.* Therefore, we agree with Bar Counsel that the appropriate sanction is disbarment.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761(b), FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST DAVID D. SUTTON.