842 A.2d 811

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Sally L. SOMERVILLE.**

**Misc. AG No. 13, Sept. Term, 2003.**

Court of Appeals of Maryland.

Feb. 17, 2004.

Melvin Hirshman, Bar Counsel, James P. Botluk, Asst. Bar Counsel for Atty. Grievance Com'n, for petitioner.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA, JOHN C. ELDRIDGE (retired, specially assigned), JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel filed, pursuant to Maryland Rule 16–751 [1] of the Maryland Rules of Procedure, a Petition

---

1. Rule 16–751 of the Maryland Rules of Procedure provides, as relevant:

   "(a) Commencement of Disciplinary or Remedial Action. Upon approval of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

   Upon the completion of an investigation by Bar Counsel, unless there is a recommendation pursuant to Rule 16–735 (dismissal of the complaint or termination of the proceeding without discipline), Rule 16–736 (Conditional Diversion Agreement), 16–737(reprimand) or Rules 16–771, 16–773, or 16–774 (immediate filing of a Petition for Disciplinary or Remedial Action), Rule 16–734(d) requires that Bar Counsel to "file with the Commission a Statement of Charges with an election for peer review in accordance with Rule 16–741."

   Maryland Rule 16–741 governs the filing of statements of charges. It provides:

   "(a) Filing of Statement of Charges.

   "(1) Upon completion of an investigation, Bar Counsel shall file with the Commission a Statement of Charges if Bar Counsel determines that:

   "(A) the attorney either engaged in conduct constituting professional misconduct or is incapacitated;

   "(B) the professional misconduct or the incapacity does not warrant an immediate Petition for Disciplinary or Remedial Action;

   "(C) a Conditional Diversion Agreement is either not appropriate under the circumstances or the parties were unable to agree on one; and

   "(D) a reprimand is either not appropriate under the circumstances or (i) one was offered and rejected by the attorney, or (ii) a proposed reprimand was disapproved by the Commission and Bar Counsel was directed to file a Statement of Charges."

For Disciplinary Or Remedial Action, against Sally L. Somerville, the respondent, in which it was charged that the respondent violated Rules 1.1, Competence,[2] 1.3, Diligence,[3] 1.4, Communication,[4] 1.5, Fees,[5] 8.1, Bar Admission and Disciplinary Matters,[6] and 8.4,

---

**2.** Rule 1.1 requires a lawyer to "provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

**3.** Pursuant to Rule 1.3, "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

**4.** Rule 1.4 provides:
"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

**5.** Pertinent to this case is Rule 1.5(a). It provides:
"(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
"(3) the fee customarily charged in the locality for similar legal services;
"(4) the amount involved and the results obtained;
"(5) the time limitations imposed by the client or by the circumstances;
"(6) the nature and length of the professional relationship with the client;
"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
"(8) whether the fee is fixed or contingent."

**6.** Rule 8.1 provides:
"An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
"(a) knowingly make a false statement of material fact; or
"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to

Misconduct, [7] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812. Bar Counsel also alleged that the respondent violated Maryland Code (1989, 1995 Replacement Volume) § 10–306 [8] of the Business and Occupation Article. The alleged violations were committed during the course of the respondent's handling of the estate of the complainant's grandmother and, it was alleged, involved, among other defaults, misappropriation of estate funds.

We referred the case to the Honorable Stephen M. Waldron, of the Circuit Court for Harford County, for hearing. *See* 16–757. The respondent, although served with process, did not file an answer or appear for the hearing. At the hearing, the hearing court received from the petitioners four exhibits, consisting of affidavits and documents. Following the hearing, it made findings of fact, see 16–757(c), [9] and drew conclusions of law, as follows:

---

respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

7. Rule 8.4, as relevant, provides:

"It is professional misconduct for a lawyer to:

\*      \*      \*      \*      \*      \*

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
"(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
"(d) engage in conduct that is prejudicial to the administration of justice."

8. Maryland Code (1989, 1995 Replacement Volume) § 10–306 of the Business and Occupation Article provides: "A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer."

9. Maryland Rule 16–757(c) provides:

"(c) Findings and Conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the

"Melva Miller, a resident of New York, retained Respondent in March 1999 to represent her in connection with her deceased grandmother's estate. Respondent filed a Petition to Appoint Personal Representative on July 8, 1999, and Ms. Miller was appointed Personal Representative on August 26, 1999.

"Respondent failed to file an inventory, which was due on November 24, 1999. She did not file a first administration account, which was due on May 22, 2000.

"On September 20, 2000, Ms. Miller's lawyer in New York State wrote to Respondent about her failure to file the inventory and account. Ms. Miller and her attorney made numerous attempts to contact Respondent, but she did not respond. Ms. Miller was able to reach Respondent by telephone in August 2002. Ms. Miller told her that a Delinquent Notice had been issued by the Register of Wills for failure to file the account. Respondent acknowledged she had neglected the matter, but promised to conclude the estate administration as soon as possible. Respondent took no action to file the inventory and account. Ms. Miller made repeated attempts to reach Respondent by telephone in December 2002, without success.

"Ms. Miller then retained Robert L. Pierson, Esquire, to replace Respondent as counsel. Mr. Pierson wrote to Respondent on January 2 and February 20, 2003, requesting information about the estate. Respondent did not respond. Mr. Pierson filed a petition to compel Respondent's testimony before the Orphans' Court for Harford County. Respondent appeared in the Orphans' Court on June 6, 2003, and Mr. Pierson was able to obtain documents and information from her. Based on that information, Mr. Pierson concluded that Respondent owed the estate $4,965.85. He wrote to Respondent on July 7, 2003, to try to resolve that claim. He left telephone messages for her on July 17 and 18, 2003,

conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

but has received no response to the letter or telephone messages.

Mr. Pierson's review of the estate checking account records and his interview of Respondent uncovered several improprieties in Respondent's handling of estate funds. On September 14, 1999, Respondent drew a check for $1,000.00 from the estate account. Ms. Miller never authorized her to take those funds, and Respondent had never filed a petition for approval of counsel fees. Respondent had no authority to take those funds from the estate. Respondent also paid two individuals, Barbara Giles and Elaine Morgan, $500.00 each from estate funds without any apparent justification. Respondent also overpaid the legatees, resulting in the estate having insufficient funds to pay taxes and expenses. The estate cannot be closed because of that deficiency.

"After Ms. Miller submitted a complaint to the Attorney Grievance Commission, Office of Bar Counsel wrote to Respondent on October 8, November 4 and December 9, 2002, requesting that she respond to Ms. Miller's complaint. Respondent did not answer any of those letters. Commission Investigator William M. Ramsey then made several attempts to interview Respondent. Respondent never submitted to an interview. Respondent evaded service of the Statement of Charges when Mr. Ramsey attempted to serve her. Respondent failed to attend the Peer Review meeting regarding Ms. Miller's complaint.

"Respondent acted incompetently in her representation of Ms. Miller in violation of Rule 1.1 of the Maryland Rules of Professional Conduct by not filing an inventory and an administration account and by improperly disbursing estate funds.

"Her failure to file the inventory and account and her failure to respond to the Delinquent Notice and other inquiries by the Register of Wills and Orphans' Court was a lack of diligence in violation of Rule 1.3 of the Maryland Rules of Professional Conduct.

"Respondent violated Rule 1.4 of the Maryland Rules of Professional Conduct by failing to return telephone calls

from Ms. Miller and her attorneys and by failing to keep her informed of the status of the estate administration.

"Respondent took $1,000.00 from the estate checking account on September 14, 1999. Ms. Miller never authorized Respondent to take those funds and Respondent had never filed a petition to authorize her to be paid counsel fees from the estate. By taking those funds without permission. Respondent collected an unreasonable fee in violation of Rule 1.5(a) of the Maryland Rules of Professional Conduct. Respondent's unauthorized taking of estate funds was a criminal act in violation of Rule 8.4(b) and § 10–306 of the Business Occupations and Professions Article, Annotated Code of Maryland. Respondent's action was dishonest, and in violation of Rule 8.4(c) of the Maryland Rules of Professional Conduct.

"Respondent's failure to respond to letters from Bar Counsel, her refusal to meet with an investigator for the Attorney Grievance Commission and her failure to attend the *Peer* Review meeting in this matter were knowing failures to respond to requests for information from a disciplinary authority in violation of Rule 8.1(b) of the Maryland Rules of Professional Conduct.[10]

"By her failure to take substantial action to administer the estate, her misuse of estate funds to make unauthorized and excessive expenditures, and by taking estate funds without authorization. Respondent engaged in conduct prejudicial to the administration of justice in violation of Rule 8.4(d) of the Maryland Rules of Professional Conduct."

The petitioner took no exceptions to the findings and conclusions of the hearing court and, as we have seen, the respondent did not participate in these proceedings. The petitioner did, however, file Petitioner's Recommendation for Sanction,

---

**10.** Because there are no exceptions taken to the conclusions of law and the respondent has not participated, we expressly note that we do not necessarily accept that the failure to attend a peer review hearing is a violation of Rule 8.1, reflecting a knowing failure to cooperate.

in which it urged the respondent's disbarment, noting that the respondent

"neglected the estate matter, failed to file an inventory and account, ignored notices from the Register of Wills and inquiries from her client, made improper and excessive disbursements from the estate account and took $1000.00 without authorization. Respondent also failed to respond to the Petitioner regarding this matter."

The penultimate observation acknowledges that the respondent misappropriated, appropriated to her own use funds of others entrusted to her, *see Bar Ass'n v. Marshall*, 269 Md. 510, 520, 307 A.2d 677, 682 (1973) (obtaining fee from a workers' compensation client before approval by the Commission and keeping it and the fee subsequently approved by the Commission); *Attorney Grievance Comm'n v. McBurney*, 283 Md. 628, 631, 392 A.2d 81, 82 (1978) (after denying their receipt, depositing insurance settlement funds belonging to a client in office rather than his escrow account), estate funds. The hearing court's characterization was more emphatic and direct: "Respondent's unauthorized taking of estate funds was a criminal act in violation of Rule 8.4(b) and § 10–306 of the Business Occupations and Professions Article, Annotated Code of Maryland. Respondent's action was dishonest, and in violation of Rule 8.4(c) of the Maryland Rules of Professional Conduct." We have often repeated what is in this State well settled with regard to the sanction for misappropriation of entrusted funds, that it "is an act infected with deceit and dishonesty, and, in the absence of compelling extenuating circumstances justifying a lesser sanction, will result in disbarment." *Attorney Grievance Comm'n v. Spery*, 371 Md. 560, 568, 810 A.2d 487, 491–92 (2002). *See Attorney Grievance Commission v. Smith*, 376 Md. 202, 237, 829 A.2d 567, 588 (2003); *Attorney Grievance Comm'n v. Sullivan*, 369 Md. 650, 655–56, 801 A.2d 1077, 1080 (2002); *Attorney Grievance Comm'n v. Vanderlinde*, 364 Md. 376, 410, 773 A.2d 463, 483 (2001); *Marshall*, 269 Md. at 520, 307 A.2d at 682.

There are no compelling extenuating circumstances in this case or, at least, we have not been informed of any. Accord-

ingly, we agree with the petitioner, the appropriate sanction is disbarment.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SALLY L. SOMERVILLE.