*Attorney Grievance Commission of Maryland v. Samuel Edward Hensley*, Misc. Docket AG No. 65, September Term 2018. Opinion by Raker, J. (Senior Judge, Specially Assigned)

**ATTORNEY MISCONDUCT – DISCIPLINE – DISBARMENT –** Respondent Samuel Edward Hensley violated the Maryland Attorneys' Rules of Professional Conduct 19-301.1, 19-301.3, 19-301.4, 19-301.5(a), 19-301.15(a) and (d), 19-301.16(d), 19-308.1(b), and 19-308.4(a), (c), and (d), and Section 10-306 of the Maryland Business Occupations and Professions Article. These violations arose from respondent's misconduct in two separate client matters, in which respondent failed to appear at a meeting with a client and at the client's court hearing; failed to inform the client about his absences; failed to respond to the two clients' numerous attempts to contact him; failed to return his collected fee to a client after performing no legal service; failed to deposit a client's retainer fee into an attorney trust account; failed to notify a client's medical provider about settlement funds received and to distribute its portion; abandoned a client's case without notice and without returning unearned fees; failed to respond to the Bar Counsel's requests for information and documentation; and misrepresented to a client that he was licensed to practice law in a state where he was not. The proper sanction for these violations is disbarment.

IN THE COURT OF APPEALS

OF MARYLAND

Misc. Docket AG No. 65

September Term, 2018

_____

ATTORNEY GRIEVANCE COMMISION OF
MARYLAND

v.

SAMUEL EDWARD HENSLEY

_____

McDonald,
Watts,
Hotten,
Getty,
Booth,
Biran,
Raker, Irma S.
    (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Raker, J.

_____

Filed: March 27, 2020

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document
is authentic.



Suzanne C. Johnson, Clerk

On February 21, 2019, the Attorney Grievance Commission, acting through Bar Counsel, filed in this Court a Petition for Disciplinary or Remedial Action against respondent Samuel Edward Hensley. On February 6, 2020, we held oral argument in this matter and disbarred respondent by per curiam order dated that day. In this opinion, we explain the reasons for that Order.

The Commission charged respondent with violating the Maryland Business Occupations and Professions Article, Section 10-306 (Trust Money Restrictions) and the Maryland Attorneys' Rules of Professional Conduct ("MARPC") 19-301.1 (Competence), 19-301.3 (Diligence), 19-301.4 (Communication), 19-301.5(a) and (b) (Fees),[1] 19-301.15(a) and (d) (Safekeeping Property), 19-301.16(d) (Declining or Terminating Representation), 19-308.1(b) (Bar Admission and Disciplinary Matters), and 19-308.4(a), (c), and (d) (Misconduct). On March 6, 2019, pursuant to Md. Rule 19-727, we referred the matter to Judge Cathy H. Serrette in the Circuit Court for Prince George's County to make findings of fact and proposed conclusions of law. Respondent failed to participate in the proceedings in any manner.[2] On September 6, 2019, Judge Serrette held an

_____

[1] The Commission subsequently withdrew its 19-301.5(b) charge.

[2] On May 2, 2019, pursuant to Md. Rule 19-723(b), respondent was served with the Writ of Summons by the Circuit Court for Prince George's County, Order of the Court of Appeals, Petition for Disciplinary or Remedial Action, Petitioner's Interrogatories, Petitioner's Request for Production of Documents, and Petitioner's Request for Admissions of Facts and Genuineness of Documents. On June 10, 2019, after receiving nothing from respondent, the Commission filed a Motion for Order of Default. By Order entered on July 8, 2019, Judge Serrette granted the Commission's motion and set an evidentiary hearing date for September 6, 2019. Pursuant to Md. Rule 2-613, the court entered a notice of default, to which respondent did not respond.

evidentiary hearing, which respondent failed to attend,[3] and found that respondent had violated MARPC 19-301.1, 19-301.3, 19-301.4, 19-301.5(a), 19-301.15(a) and (d), 19-301.16(d), 19-308.1(b), and 19-308.4(a), (c), and (d), and Section 10-306 of the Maryland Business Occupations and Professions Article.[4]  On February 6, 2020, this Court held oral argument in this matter, which respondent again failed to attend, and disbarred respondent by per curiam order.

I.

Judge Serrette made the following findings of fact and conclusions of law:

**"FINDINGS OF FACT[5]**

"The Respondent was admitted to the Bar of the State

of Maryland on December 17, 2014.  At all times relevant

---

[3] Pursuant to Md. Rule 2-424(b), Judge Serrette admitted and received as evidence each matter for which an admission was requested in Petitioner's Request for Admissions of Facts and Genuineness of Documents.

[4] Judge Serrette found that respondent violated MARPC 19-301.2 (Scope of Representation).  The Commission, however, had not brought this charge in its Petition for Disciplinary or Remedial Action, despite later including it in its Proposed Findings of Fact and Conclusions of Law.

[5] "October 20, 2017, was the last contact with Respondent noted in the Request for Admissions of Facts and Genuineness of Documents.  Respondent was served through the Client Protection Fund when he could not be located otherwise.  These findings presume, in part, that Respondent is alive and was able to respond to Bar Counsel and the Request for Admissions of Fact and Genuineness of Documents."

hereto, he maintained an office for the practice of law in Prince George's County . . . and another . . . [in] Baltimore, Maryland.

## The Yemane Behere Matter

"On July 14, 2016, Yemane Behere, a resident of Maryland, was involved in a motor vehicle accident in Oklahoma in which he sustained injuries. Upon his return to Maryland, Mr. Behere retained the Respondent to represent him in the matter. Mr. Behere and the Respondent agreed to a contingency fee whereby the Respondent would receive one third of any funds recovered. The Respondent is not now, nor has he ever been, admitted to the bar of the state of Oklahoma. The Respondent misrepresented to Mr. Behere that he was licensed to practice law in Oklahoma.

"During the pendency of the matter, Mr. Behere received medical treatment from several different healthcare providers, including Omni Healthcare ("Omni"). Mr. Behere and the Respondent signed a lien agreement to 'deduct immediately from the proceeds of any settlement and/or judgment, any and all amounts due to and owing to OMNI[.]' On or about September 1, 2017, the Respondent, on behalf of Mr. Behere, settled the matter and received a settlement check

3

in the amount of $200,000. In September 2017, Mr. Behere met with the Respondent and signed a settlement statement. The settlement statement provided that the Respondent would receive $56,636 for attorney's fees, $73,364 would be paid to medical providers, and $70,000 remained for Mr. Behere.

"On or about October 20, 2017, the Respondent provided Mr. Behere with a check in the amount of $70,000. The Respondent failed to advise Omni or any of the other healthcare providers that he was in receipt of the settlement funds. The Respondent failed to disburse any funds to any healthcare providers. Beginning in the fall of 2017, the healthcare providers began contacting the Respondent for payment of the outstanding debts. Beginning in the fall of 2017, Mr. Behere made several unsuccessful attempts to contact the Respondent. Omni attempted to contact the Respondent several times but was unsuccessful. The Respondent misappropriated the funds owed to Omni.

**Representation of John Mbawe**

"On March 5, 2017, John Mbawe was arrested and charged with second degree assault in the District Court of Maryland for Prince George's County, *State v. Mbawe*, Case

4

No. 3E00600337. The victim of the alleged assault also filed a petition in the District Court for a peace order against Mr. Mbawe. A final peace order hearing was scheduled for March 13, 2017.

"On March 9, 2017, Mr. Mbawe retained the Respondent to represent him in both the criminal case and the peace order hearing. Mr. Mbawe executed a retainer agreement and paid the Respondent $1,000 toward the $2,500 retainer fee. The retainer agreement provided that the remainder of the fee was to be paid on or before April 7, 2017. The Respondent failed to deposit and maintain Mr. Mbawe's funds in an attorney trust account until earned.

"Mr. Mbawe and the Respondent agreed to meet at the Respondent's office in Upper Marlboro on March 12, 2017, to prepare for the peace order hearing. On March 12, 2017, Mr. Mbawe arrived at the Respondent's office at the designated time but the Respondent failed to appear for the meeting. On March 12, 2017, Mr. Mbawe attempted to contact the Respondent, leaving several voicemail messages and text messages. The Respondent failed to respond to Mr. Mbawe in any manner.

5

"On March 13, 2017, Mr. Mbawe appeared *pro se* in the District Court for the peace order hearing. The Respondent failed to appear at the hearing. The Respondent failed to advise Mr. Mbawe of his whereabouts on March 13, 2017. At the conclusion of the hearing, the court issued a final peace order against Mr. Mbawe.

"After the hearing, Mr. Mbawe made several attempts to contact the Respondent to request a refund of the retainer fee. The Respondent failed to respond to Mr. Mbawe's phone calls and text messages and failed to provide Mr. Mbawe a refund. On April 11, 2017, Mr. Mbawe retained successor counsel to represent him in the pending criminal case.

**Bar Counsel Investigation**

"On November 7, 2017, Rich Resigno filed a complaint with Bar Counsel on behalf of Omni Healthcare. On November 17, 2017, Bar Counsel sent a letter to the Respondent's Prince George's County office with a copy of Mr. Resigno's complaint and requested a written response no later than December 11, 2017. The November 17, 2017 letter was returned to Bar Counsel as undelivered on December 1, 2017.

6

"On December 14, 2017, Bar Counsel sent a letter to the Respondent's Baltimore City address with a copy of Mr. Resigno's complaint and requested a written response no later than January 8, 2018. The Respondent failed to respond to Bar Counsel's December 14, 2017 letter.

"On December 11, 2017, Mr. Behere filed a complaint with Bar Counsel. On January 2, 2018, Bar Counsel sent letters to the Respondent's Prince George's County and Baltimore City addresses with copies of Mr. Behere's complaint and requested a written response no later than January 24, 2018. Both January 2, 2018 letters were returned to Bar Counsel.

"On May 31, 2018, Mr. Mbawe filed a complaint with Bar Counsel. On July 17, 2018, Investigator Jason Bogue attempted to make contact with the Respondent at his Baltimore City address, but no one answered the door. On July 17, 2018, Investigator Bogue left a note at the Respondent's Baltimore City office requesting that the Respondent contact Bar Counsel. That same day, Investigator Bogue also called the telephone number that the Respondent has listed with the Client Protection Fund and left a voicemail message asking the

Respondent to contact him. The Respondent failed to respond to Bar Counsel.

## Mitigating Factors

"No mitigating factors were presented.

## Aggravating Factors

"The Court of Appeals has recognized the following aggravating factors:

'(1)    Prior disciplinary offenses;
(2)    A dishonest or selfish motive;
(3)    A pattern of misconduct;
(4)    Multiple offenses;
(5)    Bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency;
(6)    Submission of false evidence, false statements, or other deceptive practices during the disciplinary process;
(7)    Refusal to acknowledge the wrongful nature of conduct;
(8)    Vulnerability of victim;
(9)    Substantial experience in the practice of law; and
(10)   Whether he or she displayed indifference to making restitution.'

*See Att'y Griev. Comm'n v. Sperling*, 434 Md. 658, 676–77, 76 A.3d 1172, 1183 (2013) (citing Standard 9.22 of the American Bar Association Standards for Imposing Lawyer Sanctions).

8

"The Petitioner established the following aggravating factors: (2) dishonest or selfish motive; (3) pattern of misconduct; (4) multiple offenses; (5) bad faith obstruction of the disciplinary process; and (10) indifference to making restitution.

"The Respondent demonstrated a dishonest or selfish motive when he misappropriated settlement funds in the Behere matter. Having violated multiple Rules in both the Behere and Mbawe matters, Respondent has demonstrated a pattern of misconduct. Throughout the investigation of this disciplinary matter, the Respondent failed to comply with Bar Counsel's numerous requests for information. Respondent has also shown an indifference to making restitution to Mr. Mbawe and the healthcare providers in the Behere matter.

## CONCLUSIONS OF LAW

"Petitioner established, by clear and convincing evidence, that the Respondent violated the following Maryland Attorneys' Rules of Professional Conduct:

**MARPC Rule 1.1. Competence [MARPC 19-301.1]**

"Rule 1.1 provides:

9

'An attorney shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.'

"The Respondent violated Rule 1.1 when he failed to attend the March 12, 2017 meeting with Mr. Mbawe and then failed to attend the March 13, 2017 peace order hearing.

\*\*\*

**MARPC Rule 1.3. Diligence [MARPC 19-301.3]**

"Rule 1.3 provides:

'An attorney shall act with reasonable diligence and promptness in representing a client.'

"Respondent violated Rule 1.3 for the same reasons discussed in relation to Rules 1.1 and 1.4.

**MARPC Rule 1.4. Communication [MARPC 19-301.4]**

"Rule 1.4 provides, in part:

'(a) An attorney shall:
(1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(f), is required by these Rules;
(2) keep the client reasonably informed about the status of the matter;

10

(3) promptly comply with reasonable requests for information; and
(4) consult with the client about any relevant limitation on the attorney's conduct when the attorney knows that the client expects assistance not permitted by the Maryland Attorneys' Rules of Professional Conduct or other law.

(b) An attorney shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.'

"Respondent violated Rule 1.4(a) and (b) when he (1) failed to attend the March 12, 2017 meeting with Mr. Mbawe; (2) failed to inform Mr. Mbawe that he would not be attending the meeting; and (3) failed to inform Mr. Mbawe that he would not be attending the March 13, 2017 peace order hearing. Additionally, the Respondent violated Rule 1.4 by failing to respond to Mr. Mbawe's and Mr. Behere's numerous attempts to contact him.

**MARPC Rule 1.5[.] Fees[6] [MARPC 19-301.5]**

"Rule 1.5 provides, in part:

'(a) An attorney shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors

---

[6] "Petitioner withdrew its allegation that the Respondent violated Rule 1.5(b)."

11

to be considered in determining the reasonableness of a fee include the following:

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the attorney;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the attorney or attorneys performing the services; and
> (8) whether the fee is fixed or contingent.'

"While the fee collected from Mr. Mbawe was not unreasonable at the outset of the representation, it became unreasonable and thus violative of Rule 1.5 (a), when the Respondent failed to perform any legal services of value for Mr. Mbawe. *See Att'y Griev. Comm'n v. Monfried*, 368 Md. 373 (2002) (attorney's fee was unreasonable as a matter of law in that he performed almost no services in return for the money

12

paid by the client's mother); *Att'y Griev. Comm'n v. Guida*, 391 Md. 33 (2006) (finding that while the fee was not unreasonable on its face, it became unreasonable because the attorney did virtually no work after he received the fee).

## MARPC Rule 1.15. Safekeeping Property

### [MARPC 19-301.15]

"Rule 1.15 provides, in part:

'(a) An attorney shall hold property of clients or third persons that is in an attorney's possession in connection with a representation separate from the attorney's own property. Funds shall be kept in a separate account maintained pursuant to Title 19, Chapter 400 of the Maryland Rules, and records shall be created and maintained in accordance with the Rules in that Chapter. Other property shall be identified specifically as such and appropriately safeguarded, and records of its receipt and distribution shall be created and maintained. Complete records of the account funds and of other property shall be kept by the attorney and shall be preserved for a period of at least five years after the date the record was created.

\*\*\*

(d) Upon receiving funds or other property in which a client or third person has an interest, an attorney shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, an attorney shall deliver promptly to the client or third person any funds or other property that the client or third person is entitled to receive and,

upon request by the client or third person, shall render promptly a full accounting regarding such property.'

"Respondent violated Rule 1.15(a) when he failed to deposit Mr. Mbawe's $1,000 retainer fee into an attorney trust account. Respondent violated Rule 1.15(d) as per Mr. Behere when he failed to notify the healthcare providers that he had received the settlement funds and failed to deliver the settlement funds owed to Omni and the other healthcare providers.

**MARPC Rule 1.16[.] Declining or Terminating Representation [MARPC 19-301.16]**

"Rule 1.16 provides, in part:

'(d) Upon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of another attorney, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The attorney may retain papers relating to the client to the extent permitted by other law.'

"Respondent violated Rule 1.16(d) when he abandoned Mr. Mbawe's case, in essence terminating the representation of Mr. Mbawe without giving Mr. Mbawe notice.

14

Additionally, the Respondent violated Rule 1.16(d) when he failed to return unearned fees as discussed in reference to Rule 1.5(a).

## MARPC Rule 8.1. Bar Admission and Disciplinary Matters [MARPC 19-308.1]

"Rule 8.1 provides, in part:

'An applicant for admission or reinstatement to the bar, or an attorney in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*\*\*

(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6.'

"The Respondent violated Rule 8.1(b) during Bar Counsel's investigation by failing to respond to Bar Counsel's lawful requests for information and documentation.

## MARPC Rule 8.4[.] Misconduct [MARPC 19-308.4]

"Rule 8.4 provides, in part:

'It is professional misconduct for an attorney to:

15

(a) violate or attempt to violate the Maryland Attorneys' Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.

\*\*\*

(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice.'

"The Respondent violated Rule 8.4(a) by having violated several other Rules of Professional Conduct. *See Att'y Griev. Comm'n v. Foltz*, 411 Md. 359 (2009) (finding that when an attorney violated several other Rules of Professional Conduct, he necessarily violated Rule 8.4(a)).

"The Respondent violated Rule 8.4(c) when he misrepresented to Mr. Behere that he was licensed to practice law in Oklahoma. Additionally, the Respondent's misappropriation of settlement funds owed to Omni in the Behere matter is an act of dishonesty in violation of Rule 8.4(c). *See Att'y Griev. Comm'n v. Somerville*, 379 Md. 586 (2004) (concluding that misappropriation of entrusted funds is an act infected with deceit and dishonesty).

16

"The Respondent violated Rule 8.4(d) by misappropriating trust funds in the Behere matter and by abandoning the representation of Mr. Mbawe. Taken as a whole, the Respondent's conduct in this matter brings the legal profession into disrepute and is therefore prejudicial to the administration of justice. *See Att'y Griev. Comm'n v. Landeo*, 446 Md. 294, 132 A.3d 196 (2016) (attorney violated Rule 8.4(d) by failing to represent a client in an adequate manner and failing to keep a client informed about the status of a case).

**Maryland Business Occupations and Professions Article,**

**Section 10-306**

"Section 10-306 provides: 'A lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer.' The Respondent violated Section 10-306 when he failed to distribute settlement funds owed to the healthcare providers in the Behere matter as described in reference to Rule 1.15. The Respondent has demonstrated an indifference to his obligations to maintain funds owed to third parties."

(Footnotes in original) (internal record citations omitted).

17

II.

This Court has original and complete jurisdiction in attorney grievance matters and conducts an independent review of the record. *Att'y Grievance Comm'n v. Ambe*, 466 Md. 270, 286, 218 A.3d 757, 765–66 (2019). We accept the hearing judge's findings of fact unless we conclude that they are clearly erroneous. *Id.* at 286, 218 A.3d at 766. If the hearing judge's factual findings are based on competent material evidence, they are not clearly erroneous, and we will not disturb them. *Id.* On the other hand, we review the hearing judge's conclusions of law *de novo*. *Id.*

Respondent did not file an exception to Judge Serrette's findings of fact or conclusions of law. Adopting the factual findings before her, we agree with Judge Serrette that respondent violated MARPC 19-301.1, 19-301.3, 19-301.4, 19-301.5(a), 19-301.15(a) and (d), 19-301.16(d), 19-308.1(b), and 19-308.4(a), (c), and (d), in addition to Section 10-306 of the Maryland Business Occupations and Professions Article.

Respondent violated MARPC 19-301.1 when he failed to appear at a scheduled meeting with his client Mr. Mbawe and at Mr. Mbawe's court hearing. *See Att'y Grievance Comm'n v. Lang*, 461 Md. 1, 44, 191 A.3d 474, 500 (2018) (a complete lack of representation by an attorney violates the duty of competence); *Att'y Grievance Comm'n v. De La Paz*, 418 Md. 534, 553–54, 16 A.3d 181, 192–93 (2011) (failure to appear at a client's hearing, leaving the client to enter into a consent judgment without the aid of counsel, violates the duty of competence); *Att'y Grievance Comm'n v. Kwarteng*, 411 Md.

18

652, 658, 984 A.2d 865, 868–69 (2009) (abandonment, in effect, of representation of client without informing the client violates the duty of competence).

Respondent violated MARPC 19-301.4 when he failed to inform Mr. Mbawe about his absences at the meeting and the hearing and when he failed to respond to Mr. Mbawe's and Mr. Behere's numerous attempts to contact him. *See Att'y Grievance Comm'n v. Haley*, 443 Md. 657, 670, 118 A.3d 816, 823 (2015).

Respondent violated MARPC 19-301.3 for the same reasons that he violated MARPC 19-301.1 and 19-301.4. *See Att'y Grievance Comm'n v. Moore*, 451 Md. 55, 80, 152 A.3d 639, 653 (2017) (holding that an attorney violates the duty to provide diligent and competent representation when he does nothing whatsoever to advance the client's cause or endeavor); *Atty Grievance Comm'n v. Sutton*, 394 Md. 311, 327–28, 906 A.2d 335, 344–45 (2006) (holding that an attorney's conduct that included failure to communicate with a client violates his duty of competence and diligence, among others).

Respondent violated MARPC 19-301.5(a) when he failed to perform any legal services of value for Mr. Mbawe after collecting a fee from him; the collected fee then became unreasonable and violative of the rule. *See Att'y Grievance Comm'n v. Monfried*, 368 Md. 373, 394, 794 A.2d 92, 104 (2002); *Att'y Grievance Comm'n v. Guida*, 391 Md. 33, 52–53, 891 A.2d 1085, 1096–97 (2006).

Respondent violated MARPC 19-301.15(a) when he failed to deposit Mr. Mbawe's $1,000 retainer fee into an attorney trust account. *See Att'y Grievance Comm'n v. Stillwell*, 434 Md. 248, 267, 74 A.3d 728, 739 (2013). Respondent violated MARPC 19-301.15(d)

19

when he failed to notify Omni of Mr. Behere's settlement funds and deliver its portion. *See Att'y Grievance Comm'n v. Mungin*, 439 Md. 290, 308–09, 96 A.3d 122, 132 (2014).

Respondent violated MARPC 19-301.16(d) when he abandoned Mr. Mbawe's case without notice and failed to return unearned fees. *See Att'y Grievance Comm'n v. Costanzo*, 432 Md. 233, 255, 68 A.3d 808, 821 (2013).

Respondent violated MARPC 19-308.1(b) when he failed to respond to the Bar Counsel's requests for information and documentation. *See Att'y Grievance Comm'n v. Gracey*, 448 Md. 1, 27, 136 A.3d 798, 814 (2016).

Respondent violated MARPC 19-308.4(a) by violating several other provisions of the MARPC. *See Att'y Grievance Comm'n v. Foltz*, 411 Md. 359, 411, 983 A.2d 434, 465 (2009). Respondent violated MARPC 19-308(c) when he misrepresented to Mr. Behere that he was licensed to practice law in Oklahoma when he was not and when he misappropriated settlement funds owed to Omni. *See Att'y Grievance Comm'n v. Somerville*, 379 Md. 586, 593, 842 A.2d 811, 815 (2004) (holding that misappropriation of entrusted funds is "an act infected with deceit and dishonesty"). Respondent violated MARPC 19-308(d) when he misappropriated Mr. Behere's settlement funds and abandoned representation of Mr. Mbawe. *See Att'y Grievance Comm'n v. Kum*, 440 Md. 372, 385, 102 A.3d 777, 784–85 (2014) (holding that misappropriation of client funds is dishonest conduct that is also prejudicial to the administration of justice); *Att'y Grievance Comm'n v. Landeo*, 446 Md. 294, 341–43, 132 A.3d 196, 224–25 (2016) (holding that

20

attorney violated MARPC 19-308(d) by failing to represent a client in an adequate manner).

Lastly, respondent violated Section 10-306 of the Maryland Business Occupations and Professions Article, which provides that "[a] lawyer may not use trust money for any purpose other than the purpose for which the trust money is entrusted to the lawyer," when he failed to distribute Mr. Behere's settlement funds owed to Omni. *See Att'y Grievance Comm'n v. McLaughlin*, 372 Md. 467, 503–05, 813 A.2d 1145, 1166–67 (2002).

## III.

We now turn to the appropriate sanction to be imposed. Bar counsel recommended disbarment for respondent's violations of MARPC 19-301.15 and 19-308.4(c).

The purpose of sanctioning an attorney is to protect the public rather than to punish the errant attorney. *See Att'y Grievance Comm'n v. Phillips*, 451 Md. 653, 677, 155 A.3d 476, 490 (2017). Furthermore, it serves as deterrence against similar misconduct. *Id*. The severity of the sanction depends on the particular facts and circumstances of each case, including consideration of any mitigating or aggravating factors. *See Att'y Grievance Comm'n v. Angst*, 369 Md. 404, 416–18, 800 A.2d 747, 755 (2002).

Respondent's failures to safekeep funds and acts of dishonesty and misrepresentation *each* independently warrant disbarment absent compelling mitigating circumstances. *See Att'y Grievance Comm'n v. Zimmerman*, 428 Md. 119, 144, 50 A.3d 1205, 1220 (2012) (failure to safekeep funds); *Att'y Grievance Comm'n v. Vanderlinde*,

21

364 Md. 376, 418–19, 773 A.2d 463, 488 (2001) (intentional dishonest conduct).

Respondent did not participate in any part of this disciplinary proceeding. He presented no evidence and no mitigating factors. Respondent acted with a dishonest and selfish motive, exhibited a pattern of misconduct, engaged in multiple offenses of the Maryland Rules, acted in bad faith to obstruct the disciplinary process, and showed indifference to making restitution. Disbarment is the appropriate sanction for respondent's misconduct.

**IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 19-709, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST SAMUEL EDWARD HENSLEY.**